# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CP-00934-SCT

*TOMMY DAVIS, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/30/2001 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | RONNIE LEE HARPER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED-09/12/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/3/2002 |

**BEFORE McRAE, P.J., WALLER AND COBB, JJ.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Tommy Davis, Jr. ("Davis") pled guilty to grand larceny. He was sentenced as a habitual offender to serve five (5) years in the custody of the Mississippi Department of Corrections. Later, Davis filed this civil action seeking post conviction relief, and the circuit court denied his requested relief. On appeal Davis alleges (1) that the trial court breached its promise that he could serve his Mississippi sentence concurrently with "any sentence or parole revocation" he might receive in Louisiana; and (2) that he should have been allowed to have a parole revocation hearing. We affirm the judgment of the circuit court. Based on U.S. Const. art. IV, § 1, the relief requested by Davis is denied.

## FACTS

¶2. When Davis was indicted for burglary in Mississippi, one of his previous convictions relied upon in order to declare him a habitual offender was a burglary in Louisiana to which he pled guilty and was sentenced to twenty years.[1] He claims to have been on parole from Louisiana when he committed the crime in this state. The information before us does not show that Davis's parole has been revoked, and he is apparently concerned that Louisiana may not revoke his parole until after his sentence is served in Mississippi, thereby causing him to serve additional time.

¶3. At Davis's plea hearing, the judge stated that Davis's sentence would "run concurrent with any sentence or any parole revocation that [he] should receive in the State of Louisiana." However, the sentencing order entered on September 22, 1999, made no mention of this provision. Davis asked for a correction of this or a dismissal of his case in his Motion for Post Conviction Collateral Relief. The judge found that the motion did not require an evidentiary hearing and denied the motion stating that a Mississippi court does not have jurisdiction over a parole revocation by the State of Louisiana and also that said matter did not fall under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29 (2000 & Supp. 2002).

## DISCUSSION

**Whether Davis's due process rights were violated because the circuit court did not have his Louisiana parole revoked so he could serve his Mississippi sentence concurrently with his Louisiana sentence.**

¶4. We uphold the decision of the circuit court as to this matter. In a seminal case which originated in Mississippi, the United States Supreme Court held that "[a] judgment is conclusive as to all the *media concludendi* (*United States v. California & O. Land Co.*, 192 U. S. 355, 48 L. ed. 476, 24 Sup. Ct. Rep. 266); and it needs no authority to show that it cannot be impeached either in or out of the state by showing that it was based upon a mistake of law." *Fauntleroy v. Lum,* 210 U.S. 230, 237, 28 S. Ct. 641, 52 L.Ed. 1039 (1908). *Fauntleroy* concerned a case brought in Mississippi to enforce a Missouri court's judgment. The Court found that even if Mississippi had proper jurisdiction and Missouri had misinterpreted the law, the Mississippi courts could not deny enforcement of a judgment of a Missouri court based upon the full faith and credit clause of the U.S. Const. art. IV, § 1. *Fauntleroy,* 210 U.S. at 235-36.

¶5. In this case, Mississippi has no jurisdiction over the status of Davis's parole in Louisiana because his parole stems from an incident which occurred in Louisiana where he was tried, convicted and sentenced by a Louisiana court. The trial judge warned Davis that her court had no control over what the Louisiana court might do with regards to his sentence. Following *Fauntleroy* and its progeny, the circuit court was correct in its determination that Davis's parole violation "is not an appropriate matter for judicial review by the State of Mississippi" and should be taken up by the Louisiana court system. Davis's due process rights were not violated by the Circuit Court of Adams County, because that court had no right to give him the relief he requested.

## CONCLUSION

¶6. As required by the decisions of the United States Supreme Court construing the full faith and credit clause of the U.S. Constitution art. IV, § 1, we affirm the judgment of the circuit court and deny the relief requested by Davis.

¶7. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.**

1. There is some question as to whether he was sentenced to 10 or 20 years by the Louisiana court.